## Wood et al. *v.* Lyle.

An application for a jury is too late, after the case has been fixed for trial.

Improvements made upon the public lands of the United States, where the party making them is not in a situation to avail himself of the preemption laws, cannot form the object of a contract. Arts. 1835, 1836, of the Civil Code limit the rule contained in art. 1960, that no one ought to be permitted to enrich himself at the expense of another, to cases in which the alleged benefit arises from a lawful act. From unlawful acts, though they may have proved beneficial to others, no right not expressly authorized by law can arise.

APPEAL from the District Court of Madison, *Selby*. J. *Thomas* and *Snyder*, for the appellants. No counsel appeared for the defendant. The judgment of the court was pronounced by

Rost, J. The plaintiffs sue to recover a tract of land in the possession of, and cultivated by the defendant. The answer admits the title of the plaintiffs, but avers that the defendant has placed valuable improvements upon the land, for the value of which he is entitled to be reimbursed before the judgment of eviction can be executed against him. There was judgment in favor of the plaintiffs for the land, and against them for the sum of $234, the value of the improvements placed thereon by the defendant. The plaintiffs have appealed.

The defendant filed an amended answer, praying for an order of survey and a trial by jury, after the cause had been set down for trial. These applications were rejected, and the defendant took a bill of exceptions to the opinion of the judge. The survey was unnecessary, as the plaintiffs were willing to take a survey previously made for the defendant, by a surveyor of his own choice. After the case had been set down for trial, and while it stood in that situation, the defendant could no longer claim a trial by jury.

It is in evidence that the land in controversy had been offered for sale, and was subject to entry. It is also shown that this land was enclosed between

WOOD
*v.*
LYLE.

other tracts belonging to the defendant. Under the rule established in the case of *Jenkins* v. *Gibson*, 3 An. 203, the defendant was a trespasser, and is not entitled to indemnity for his improvements. The land is proved to be of inferior quality subject to overflow, and but imperfectly cleared. Whatever labor has been expended upon it by the defendant inures to the benefit of the plaintiffs, and we do not consider that the the evidence would justify us in allowing the rents claimed.

It is, therefore, ordered that the judgment in this case be amended, so as to disallow the defendant's claim for the value of the improvements put by him upon the land ; and that, as amended, it be affirmed, with costs.